<table>
<tr><td>

EL PASO COUNTY DISTRICT COURT,
COLORADO
Address of Court:   270 S. Tejon St.
P.O. Box 2980
Colorado Springs, CO 80901
Phone: 719-448-7700

</td><td></td></tr>
</table>

EL PASO COUNTY DISTRICT COURT,
COLORADO
Address of Court:   270 S. Tejon St.
                    P.O. Box 2980
                    Colorado Springs, CO 80901
                    Phone: 719-448-7700

PLAINTIFF:  El Toledo, LLC, a Colorado Limited
Liability Company,

v.

Defendant:   Sequoia Insurance Company, a
California Corporation.

**FOR COURT USE ONLY**

**ATTORNEY FOR PLAINTIFF:**
Merlin Law Group, P.A.
Brandee B. Bower, Esq., Bar No. 44702
999 18th Street, Suite 3000
Denver, Colorado 80202
Phone Number:  303-357-2374
E-Mail:  bbower@merlinlawgroup.com

Case Number:
14-CJ-031769

Division:

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff El Toledo, LLC ("El Toledo"), by and through its counsel, Brandee B. Bower of Merlin Law Group, P.A., and submits its Complaint against Defendant Sequoia Insurance Company ("Sequoia") and in support of its Complaint, alleges and avers as follows:

## I.   NATURE OF CLAIMS

1.     Plaintiff brings this action seeking economic and non-economic damages related to Defendant's breach of contract, statutory claims pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116, and bad faith breach of insurance contract, arising from Sequoia's unreasonable delay and failure to pay in full covered benefits due and owing to El Toledo under its insurance policy.

T0835703.DOC;1

Exhibit A

## II.    JURISDICTION AND VENUE

2.    Venue is proper in El Paso County District Court because Sequoia conducted substantial business in the County of El Paso and in the City of Colorado Springs, Colorado. Additionally, El Toledo's property is located in the City of Colorado Springs, County of El Paso. Venue is proper in this Court pursuant to C.R.C.P. 98(c).

3.    This Court has jurisdiction pursuant to the Colorado Constitution, Art. VI, § 9.

## II. FACTUAL ALLEGATIONS

4.    This is an insurance case arising from Sequoia refusing to provide full benefits to El Toledo based on Sequoia's wrongful investigation.

5.    El Toledo sought and obtained a Business Owners Insurance Policy, Policy No. SBP218975-2 (the "Policy") for their property. The Policy period was from April 14, 2012 to April 14, 2013. El Toledo invested in this insurance product and service from Sequoia for coverage intended to protect the insured property from certain property and casualty perils.

6.    The Policy is a replacement cost value policy and covers loss to the Insured Property.

7.    El Toledo purchased coverage benefits from Sequoia by making premium payments.

8.    In exchange for the premiums paid by El Toledo, Sequoia promised to perform according to the terms and provisions of the Policy.

9.    On approximately June 6, 2012, during the Policy period, a wind and hail storm ("storm") occurred at/near the insured property resulting in significant damage to the property.

10.    The damage from the storm constituted a covered loss under the Sequoia Policy.

11.    El Toledo timely reported the covered loss and damage to Sequoia and made a claim for the loss and damage to their property. Claim number 22559 was assigned to the claim.

12.    On October 1, 2013 Rooftop Roofing ("Rooftop") inspected the property and observed significant storm related damage to the property.

13.    On October 12, 2012 Mark Newton of Sequoia stated that the estimate of repairs he had received did not warrant any payments for the loss.

Exhibit A

14.   On October 31, 2013 Abbey Environmental Management, Inc. prepared an asbestos inspection report for the El Toledo property and found suspect material.

15.   On November 13, 2013 Aspen Glass, Inc. prepared an estimate to replace 112 windows on the El Toledo property.

16.   On November 14, 2013 The Window Store prepared an estimate to replace 112 windows on the El Toledo property.

17.   On December 6, 2013 Exteriors & Stucco Evaluation Consultants, Inc. prepared an estimate of damages for the El Toledo property and confirmed hail damage.

18.   On December 12, 2013 TW Stucco, Inc. prepared an estimate regarding stucco on the El Toledo property.

19.   On December 26, 2013 Bailey's Moving & Storage prepared an estimate regarding the El Toledo property.

20.   On February 10, 2014 El Toledo submitted a Sworn Proof of Loss to Sequoia.

21.   On February 19, 2014 Sequoia confirmed receipt of the Proof of Loss and Joe Bonanno ("Bonanno") took over the case for Sequoia. He requested to visit the property.

22.   To date, Sequoia has not paid El Toledo's claim in full.

23.   Sequoia failed to properly investigate and adjust El Toledo's loss.

24.   Sequoia's conduct described above was willful and wanton and done heedlessly and recklessly without regard to the consequences to its insured.

25.   Sequoia knew or should have known that its actions described above were unreasonable. Sequoia acted unreasonably and with knowledge of or reckless disregard of its unreasonableness, and caused damages that resulted from its bad faith.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

26.   El Toledo incorporates the above allegations as though fully set forth herein.

27.   As set forth above, El Toledo and Sequoia entered into a valid, binding and enforceable contract for insurance covering the loss alleged herein.

Exhibit A

28. El Toledo has fully complied with all the provisions of the contract, including without limitation, paying premiums in a timely fashion and complying with all provisions governing claims and loss. Alternatively, such conditions precedent have been waived or are excused.

29. It is Sequoia's duty to pay for the full loss and damage to El Toledo's property, as a result of this undisputed covered loss, but it has failed to do so.

30. Sequoia's failure to pay El Toledo's claim constitutes a breach of the insurance contract and is a breach of El Toledo's reasonable expectations concerning the coverage it would receive under the Policy.

31. Sequoia's refusal to appropriately value the loss constitutes a breach of the insurance contract and is a breach of El Toledo's reasonable expectations concerning the coverage it would receive under the Policy.

32. Sequoia's failure to conduct a reasonable investigation, failure to appropriately value the loss, and failure to fully pay covered policy benefits constitute breaches of the insurance contract.

33. Sequoia has underpaid the contractual benefits due and owing to El Toledo despite repeated requests for full payment from El Toledo's representatives, it has denied El Toledo the benefit of its bargain, and it has breached the insurance contract in doing so.

34. As a proximate result of Sequoia's breaches, El Toledo has suffered and continues to suffer damages, including the full amount owed for their claim, both real and personal, together with pre-judgment interest at the highest rate allowed by law, and its reasonable attorneys' fees and costs as allowed by law.

### SECOND CLAIM FOR RELIEF
### (Unreasonable Delay and Denial of Payment of Covered Benefits
### Pursuant to C.R.S. §§ 10-3-1115 and 10-3-1116)

35. El Toledo incorporates the above allegations as though fully set forth herein.

36. El Toledo suffered a loss to property covered by the Policy, and it submitted a claim to Sequoia for that loss.

37. The claimed loss and damages submitted by El Toledo is covered by the Policy and El Toledo is owed full benefits under the Sequoia Policy.

38. Sequoia has refused to pay for the full scope of damages.


Exhibit A

39.    Sequoia has delayed and failed to pay the full covered benefits without a reasonable basis for its actions and continues to delay and refuse to pay covered benefits without a reasonable basis for its actions.

40.    The position taken by Sequoia deprives El Toledo of covered benefits since the position asserted by Sequoia lacks a reasonable basis upon which to refuse payment of the full benefits that are due and owing under the Policy for this loss.

41.    Misconstruing and failing to take the estimates and adjustments made by El Toledo's representatives into consideration when adjusting the claim and failing to properly address the reports and estimates submitted by El Toledo's representatives is unreasonable.

42.    Due to the fact that Sequoia lacked a reasonable basis for which to underpay the covered benefits and due to the fact that Sequoia has refused and continues to refuse to pay for the full damages, Sequoia is responsible to El Toledo for remedies as provided by C.R.S. § 10-3-1116 for its violation of C.R.S. § 10-3-1115.

43.    Sequoia conducted an improper, incomplete, and/or outcome-orientated investigation of the loss thereby damaging El Toledo by delaying benefits owed to El Toledo pursuant to the terms of their Policy.

44.    El Toledo is therefore entitled to two times the amount of covered benefits, attorneys' fees, and costs pursuant to C.R.S. § 10-3-1116, together with pre-judgment interest at the highest rate allowed by law.

### THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

45.    El Toledo incorporates the above allegations as though fully set forth herein.

46.    Sequoia had a duty to act reasonably and in good faith in handling El Toledo's claim and in the payment of El Toledo's insurance claim, including the obligation to act with ordinary, reasonable diligence in investigating the claim submitted by El Toledo and in determining the amounts due and owing under the Policy in question, and to pay all amounts due and owing.

47.    Pursuant to the Policy, Sequoia owed El Toledo the duty of good faith and fair dealing.

48.    Sequoia breached its duty to act reasonably and in good faith by, inter alia, (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this matter; (2) failing to appropriately value the entire loss; (3) favoring its interests to the exclusion

Exhibit A

of El Toledo; (4) failing to effectuate prompt, fair and equitable resolution of El Toledo's claims after liability had become clear; (5) conducting an incomplete, or outcome-oriented investigation of the loss; (6) not properly evaluating estimates and reports of the loss submitted to it by El Toledo's representatives; (7) incorrectly valuing the claim; (8) compelling El Toledo to become involved in litigation to recover amounts due; and (9) otherwise unreasonably and improperly handling El Toledo's claim as provided for by C.R.S. § 10-3-1104.

49.     Sequoia overlooked material facts and refused to conduct a thorough investigation in its adjustment of this claim.

50.     Sequoia should have known that its conduct was unreasonable and/or Sequoia recklessly disregarded the fact that its conduct was unreasonable.

51.     Sequoia's conduct constitutes a breach of the covenant of good faith and fair dealing implied in every contract of insurance.

52.     Sequoia's bad faith has caused El Toledo to suffer and to continue to suffer damages, including out-of-pocket expenses, attorneys' fees and costs incurred in bringing this lawsuit, together with pre-judgment interest at the highest rate allowed by law.

### PRAYER FOR RELIEF

WHEREFORE, El Toledo requests that this Court enter judgment in its favor and against Sequoia on its Claims for Relief as follows:

1.     All unpaid covered benefits owed under the Policy;

2.     Two times the amount of all covered benefits owed under the Policy;

3.     Costs, expert witness fees, and attorneys' fees incurred in prosecuting its claims against Sequoia;

4.     Other damages resulting from Sequoia's bad faith, including out-of-pocket expenses, costs of ongoing damages and exemplary damages resulting from Sequoia's bad faith refusal to pay for the full loss and damage to Laredo's property;

5.     Pre- and post-judgment interest; and

6.     For such other and further relief as this Court may deem just.

### PLAINTIFF REQUESTS A JURY TRIAL BY SIX ON ALL ISSUES.

# Exhibit A

Respectfully submitted this 5th day of June, 2014.

_/s/Brandee B. Bower_
Brandee B. Bower, Esq, Bar No. 44702
Merlin Law Group, PA
999 18th Street
Denver, CO 80202
Telephone: 303-357-2374
Facsimile: 303-357-2377
bbower@merlinlawgroup.com

*Attorneys for Plaintiff*

Plaintiff's address:
1320 Potter Drive
Colorado Springs, Colorado 80909

Exhibit A