IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01696–RM–KMT

EL TOLEDO, LLC, a Colorado limited liability company,

    Plaintiff,

v.

SEQUOIA INSURANCE COMPANY, a California corporation,

    Defendant.

# ORDER

This matter is before the court on "Plaintiff's Motion to Stay and Compel Appraisal." (Doc. No. 26, filed Feb. 3, 2015.) Defendant Sequoia Insurance Company's Response was filed on February 27, 2015 (Doc. No. 30) and Plaintiff's Reply was filed on March 6, 2015 (Doc. No. 31). Subsequently, on May 26, 2015, Defendant filed a Notice of Supplemental Authority relating to the issues raised in its Response. (Doc. No. 38.) For the following reasons, Plaintiff's Motion is GRANTED.

In this case, Plaintiff asserts claims for breach of insurance contract and common law and statutory bad faith based on Defendant's alleged failure to provide insurance coverage for damage to Plaintiff's insured property resulting from a June 6, 2012 wind and hail storm. (*See generally* Am. Compl., Doc. No. 13, filed Aug. 4, 2014.) The parties agree that the insurance policy issued by Defendant contains the following provision:

> Appraisal
>
> If we and you disagree on the amount of the loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
> > a. Pay its chosen appraiser; and
> > b. Bear the other expenses of the appraisal and the umpire equally.
>
> If there is an appraisal, we will still retain our right to deny the claim.

(Mot. at 5; Resp. at 1-2)[1] (hereinafter, the "Appraisal Provision"). Based on this provision, Plaintiff seeks to compel an appraisal to determine the amount of loss cause by the storm.

Because the court's jurisdiction in this matter is founded on diversity of citizenship under 28 U.S.C. § 1332(a), (Not. of Removal, Doc. No. 1), the court applies the substantive law of Colorado. *Essex Ins. Co v. Vincent,* 52 F.3d 894, 896 (10th Cir. 1995). At least two decisions from this District have found that an appraisal process like the one at issue here is properly "classified as an arbitration" under the Colorado Uniform Arbitration Act, Colo. Rev. Stat. § 13-22-201, *et seq.* ("CUAA"). *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n,* --- F. Supp. 3d ----, 2015 WL 1740818, at *4 (D. Colo. Apr. 14, 2015); *Lim v. Am. Economy Ins. Co.,* No. 13-cv-02063-CMA-KLM, 13-cv-02063, 2014 WL 146440, No. 13-cv-2063-CMA-KLM, 2014 WL 146440, at *4 (D. Colo. Apr. 14, 2014). Colorado has a "strong public policy in favor of arbitration." *Braata, Inc. v. Oneida Cold Storage Co., LLP,* 251 P.3d 584, 590 (Colo. App. 2010). For example, the CUAA allows courts to stay arbitration proceedings only in limited circumstances, such as where "it is apparent from the language of the contract that the claim

---

[1] Curiously, neither party has submitted the actual policy for the court's review.

sought to be arbitrated is clearly beyond the scope of the arbitration clause." *Sopko v. Clear Channel Satellite Servs., Inc.,* 151 P.3d 663, 666 (Colo. App. 2006); *see also* 15 Couch on Ins. § 209:8 (3d ed. 2014) ("Like the arbitration remedy, appraisal is designed to be consistent with the public policy of discouraging litigation. Accordingly, every reasonable presumption will support the validity of a loss appraisal.").

The court finds that Plaintiff's claims are clearly subject to the appraisal provision. Indeed, Defendant does not object to the court compelling appraisal. Instead, Defendant "seeks to have the Court provide some guidance to the parties and the appraisers." (Resp. at 1.) Specifically, relying on *Auto-Owners Ins. Co., supra,* and *Cigna Ins. Co. v. Didimoi Prop. Holdings, N.V.,* 110 F. Supp. 2d 259 (D. Del. 2000), Defendant requests that the court require the appraisers to determine the "amount of loss" as follows:

> The appraiser and umpire, if needed, will each state separately identify the "amount of loss" by providing the following information:
>
> (1) Identify only direct physical loss of or damage to the Covered Property caused by the hail storm on or about June 6, 2012.
>
> (2) Estimate the actual cash value and replacement cost of the identified damage by construction trade categories (e.g. roofing, siding, metal work, gutters, windows.)

(Resp. at 2.) Defendant maintains that, absent such instructions to the appraisers, there is "an inherent risk of a run away appraisal wherein an appraiser simply values all observed damage irrespective of its cause." (*Id.*)

The court declines to issue any directives to the appraisers and umpire. First, the policy itself does not contemplate any such directives by the court. Instead, the only court involvement contemplated by the policy is for the selection of an umpire in the event the appraisers cannot

reach an agreement. Second, the court is not convinced that it has the authority to issue any orders or directives to the appraisers and umpire as they are not parties to this action.

Third, in light of the contemplated roles of the appraisers and umpire, Defendant's concerns about an "inherent risk of a run away appraisal" are largely unwarranted. The appraisers and the umpire are not simply tasked with an accounting of damage to the property; they are also authorized to resolve issues of causation. *Auto-Owners Ins. Co.,* 2015 WL 1740818, at *3. To the extent that the appraisers might disagree as to whether certain damage was actually caused by the June 6, 2012 storm, the umpire is responsible for impartially resolving such disputes. The court has no doubt that both the appraisers and the umpire can fulfill these roles without explicit directions from the court.

Fourth, contrary to Defendant's assertion in its Notice of Supplemental Authorities, *Auto-Owners Ins. Co.* does not include any affirmative directives from the court to the appraisers and umpire regarding the appraisal process.[2] Instead, Judge Babcock directed *counsel* to "work collaboratively to ensure that the appraisals provide sufficient detail to enable the court" to make ultimate legal determinations regarding coverage issues. *Auto-Owners Ins. Co.,* 2015 WL 1740818, at *5; *see also id.* at *2 (questions of coverage under an insurance policy are generally matters of law reserved for the court). As such, it is incumbent on the parties, rather than the court, to ensure that the appraisal proceeds in a thorough, fair, and impartial manner. In this respect, the court advises the parties to heed Judge Babcock's advice in *Auto-Owners Ins. Co.* in order to "avoid unnecessary discovery or additional appraisals." *Id.*

---

[2] The court acknowledges that *Cigna Ins. Co.* does include certain directives to the appraisers regarding the appraisal process. The court declines to follow *Cigna Ins. Co.*'s approach for the reasons stated in this Order.

Accordingly, it is

ORDERED "Plaintiff's Motion to Stay and Compel Appraisal" (Doc. No. 26, filed Feb. 3, 2015) is GRANTED. The parties shall promptly and fully participate in the appraisal process, including by identifying their preferred appraisers in accordance with the Appraisal Provision no later than June 19, 2015. It is further

ORDERED that the stay of proceedings entered on February 5, 2015 shall continue in effect until completion of the appraisal process. The parties shall file a Status Report within 14 days after completion of the appraisal. It is further

ORDERED that the court reserves jurisdiction during the stay period to select an umpire if the parties cannot agree on one, or to resolve any intractable disputes that may arise regarding the appraisal process.

Dated this 29th day of May, 2015.

BY THE COURT:

*/s/ Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge